**Fetters v. First Hospital Corp.**

C.P. of Centre County, no. 1995-2110.

*Jane N. Bolin,* for plaintiff.
*Martin J. Saunders, A. Patricia Diulus-Myers,* and *Richard S. McAtee,* for defendants.

GRINE, *J.,* August 8, 1997—Presently before this court is defendants' motion for reconsideration of summary judgment. A hearing was held in this matter on July 16, 1997. After review of briefs submitted by counsel, this court now enters the following.

## FACTUAL BACKGROUND

Plaintiff commenced this action for defamation against defendants First Hospital Corporation, The Meadows Psychiatric Centre, Joseph Barszczewski, Linda Young-Craigo, and Felicia Stehley, by filing a complaint on August 23, 1995. Plaintiff, with court approval, amended her initial defamation claim by filing a first amended complaint on April 18, 1996. This court also permitted plaintiff to amend her first amended defamation claim a second time to further define her defamation allegations by order dated July 30, 1996. This court additionally permitted plaintiff to join Ms. Stehley

as an additional defendant in plaintiff's second amended complaint. The second amended complaint further asserts a claim against First Hospital for respondeat superior liability.

On December 11, 1996, defendants filed a motion for summary judgment. On April 2, 1997, this court denied said motion. Defendants then filed a motion for reconsideration of summary judgment and a hearing was held on July 16, 1997.

Plaintiff is a registered nurse who worked at The Meadows for over six and one-half years. She was the 7 a.m.-3 p.m. charge nurse on the dual diagnosis unit at the time she was fired by defendants. On May 6, 1995, a new patient, patient Conley, was admitted to the dual diagnosis unit for psychiatric treatment and drug addiction. Patient Conley's doctor authorized that a medication known as Ativan, 1.0 mg PRN, as needed, could be given to help calm agitation. Shortly after being admitted, patient Conley requested medication to help her relax. Plaintiff and patient Conley discussed medications and decided to try one-half or 0.5 mg of Ativan. An LPN, Cynthia Smyers, administered the 0.5 mg of Ativan to patient Conley and charted it correctly. This modification in medication was not discussed with patient Conley's doctor. Within 45 minutes, patient Conley requested the remaining 0.5 mg dose of Ativan. Plaintiff agreed and LPN Smyers gave patient Conley the remaining 0.5 mg. This second dosage was charted correctly.

On July 6, 1995, a termination meeting was held between plaintiff, Mr. Barszczewski and Ms. Craigo. Plaintiff's defamation claim is founded upon statements which were made in this meeting and statements contained in the complaint filed by Ms. Craigo and Ms. Stehley with the state nursing board on July 26, 1995.

Plaintiff's respondeat superior claim is based on the contention that First Hospital promulgated The Meadows' policy no. 29, disciplinary action, wherein First Hospital assumed authority and control for all decisions relating to the discipline of The Meadows' employees. In addition, plaintiff contends that First Hospital assumed responsibility for ensuring that a proper and fair investigation was conducted, that First Hospital permitted her to be fired on the basis of false and defamatory charges and that First Hospital authorized the filing of the charges with the state nursing board.

## DISCUSSION

Pennsylvania Rule of Civil Procedure 1035 governs summary judgment and it provides, in relevant part:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

The Rule further provides that when a motion for summary judgment is made and supported:

"(a) The adverse party may not rest upon the mere allegations or denials of the pleadings but must file

a response within 30 days after services of the motion identifying

"(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

"(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced." Pa.R.C.P. 1035.3.

If the adverse party does not come forward with affirmative evidence showing that there is a genuine issue for trial, summary judgment must be entered against him. Pa.R.C.P. 1035.

The Supreme Court of Pennsylvania set forth the evidentiary burden required of a plaintiff seeking to defeat a motion for summary judgment in a defamation action as follows:

"[W]e hold that a non-moving party must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Ertel v. Patriot-News Co.*, 544 Pa. 93, 102, 674 A.2d 1038, 1042 (1996).

In order to sustain a claim for defamation, plaintiff bears the burden of proving each of the following elements: (1) the defamatory character of the communication; (2) its publication by defendant; (3) its application to her; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to her;

(6) special harm resulting to her from its publication; and (7) abuse of a conditionally privileged occasion. 42 Pa.C.S. §8343(a). If plaintiff can adduce sufficient evidence on each of the elements, summary judgment may still be entered against her if defendants can establish the following: (1) the truth of the defamatory communication; (2) the privileged character of the occasions on which it was published; and (3) the character of the subject matter of the defamatory comment as of public concern. 42 Pa.C.S. §8343(b).

Plaintiff contends that Mr. Barszczewski and Ms. Craigo made the following allegedly "false, slanderous and defamatory accusations" about plaintiff in her termination meeting on July 6, 1995:

(1) They accused plaintiff of engaging in "misconduct related to medication administration" by adjusting a dose of Ativan from the prescribed 1.0 mg to 0.5 mg.

(2) Mr. Barszczewski allegedly told plaintiff that giving 0.5 mg of Ativan rather than the 1.0 mg prescribed by the treating physician was like "slapping a patient" or "beating a patient."

(3) They told plaintiff that her co-workers informed The Meadows' administration that she had been adjusting doses of medication for years, including doses of Librium, and that they were going to investigate those complaints.

(4) Mr. Barszczewski told plaintiff that "if you could have adjusted the dose of Ativan for one person, then you could have adjusted the dose . . . for medication for Carlo Long and we will have to investigate that also."

(5) They accused plaintiff of violating Pennsylvania nursing law and told her that, if the accusation was

true, they would report her to the state nursing board for a license investigation.

(6) They considered that plaintiff should report the grounds for her termination each and every time that she applied for work elsewhere.

Plaintiff further contends that the complaint filed by Ms. Craigo and Ms. Stehley with the state nursing board on July 26, 1995, contained the following allegedly defamatory statements:

"(1) On July 6, 1995, Linda Fetters was terminated due to not following the hospital's policies & procedures for medication administration.

"(2) Upon investigating the incident, Linda Fetters admitted to administrating Ativan 0.5 mg instead of 1.0 mg PRN.

"(3) Lisa [Hinkle R.N.] stated that Linda Fetters verbalized in the nurses' station in front of three other staff members . . . that she had done this [adjusted the prescribed dose of Ativan from 1.0 mg to 0.5 mg] and had been doing it for years & had never been fired. Two of the three staff stated Linda had verbalized adjusting Librium doses also."

Initially, it is the function of the court to determine whether the communication complained of is capable of a defamatory meaning. *Maier v. Maretti,* 448 Pa. Super. 276, 671 A.2d 701 (1995). A communication is defamatory if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. *Elia v. Erie Insurance Exchange,* 430 Pa. Super. 384, 634 A.2d 657 (1993). In making the determination as to whether a statement is capable of

defamatory meaning, the court must view the statement in the context and determine whether the statement was maliciously published and tended "to blacken [the plaintiff's] reputation or to expose him to public hatred, contempt, or ridicule, or to injure him in his business or profession." *Corabi v. Curtis Publishing Co.,* 441 Pa. 432, 441, 273 A.2d 899, 904 (1971). Statements of opinion, without more, are not actionable. *Baker v. Lafayette College,* 516 Pa. 291, 532 A.2d 399 (1987). Communications which may annoy or embarrass a person are not sufficient as a matter of law to create an action in defamation. *Gordon v. Lancaster Osteopathic Hospital Association,* 340 Pa. Super. 253, 489 A.2d 1364 (1985).

This court will first consider the statements made to plaintiff at the termination meeting held on July 6, 1995. No reasonable person would interpret the character of any of the statements made by Mr. Barszczewski or Ms. Craigo to plaintiff in her termination meeting to be defamatory. Statements 1-5 are all statements of opinion and therefore are not actionable. The statement that plaintiff engaged in "misconduct related to medication administration" by adjusting a dose of Ativan from prescribed 1.0 mg to 0.5 mg is the opinion of an employer evaluating the work performance of an employee. A statement that a plaintiff engaged in "misconduct" that is made during an evaluation by an employer of the plaintiff's job performance necessarily includes the employer's opinion about that job performance. *Goralski v. P.L. Pizzimenti,* 115 Pa. Commw. 210, 540 A.2d 595 (1988). The statement that plaintiff's intentional act was akin to "slapping a patient" or "beating a patient" is also an opinion as to the severity

of the incident. The remaining statements that plaintiff contends are defamatory are simply not offensive enough to reach a level capable of defamatory meaning.

A plaintiff in a defamation action has the burden of proving publication of the defamatory remarks by the defendant. 42 Pa.C.S. §8343(a). Publication is the intentional or negligent communication of defamatory material to someone other than the defamed party. *Agriss v. Roadway Express Inc.,* 334 Pa. Super. 295, 483 A.2d 456 (1984). Plaintiff has not identified any third party to whom any of the allegedly defamatory statements were published. Plaintiff argues that the statements were published by complaining to the bureau of professional and licensing affairs and based on the fact that defendants' statements were common knowledge among workers on the unit. Plaintiff believes that this is sufficient circumstantial evidence to show publication. However, as plaintiff points out in her brief, there were two to three other management employees who were aware of the charges other than the defendants. This court believes that it is not a reasonable inference that the defendants intentionally or negligently passed on the statements based on either the common knowledge of the unit or the complaint to the bureau of professional and licensing affairs.

Finally, with regard to the statements made during the termination meeting on July 6, 1995, this court would point out that in Pennsylvania, employers have an absolute privilege to publish defamatory matters in notices of dismissal or warning letters. *Daywalt v. Montgomery Hospital,* 393 Pa. Super. 118, 537 A.2d 1116 (1990). The purpose of the absolute privilege is to encourage the employer's communication to the employee of the reasons for discharge by eliminating the risk that the employer will possibly be subject to liability

for defamation. *Yetter v. Ward Trucking Corp.,* 401 Pa. Super. 467, 585 A.2d 1022 (1991). This court has already found that the statements made are not, as a matter of law, defamatory. However, even if the statements were defamatory, plaintiff would not have a cause of action because the statements were absolutely privileged.

Next, this court will consider the statements contained in the complaint filed with the state nursing board on July 26, 1995. None of the three statements contained in the complaint which plaintiff alleges are defamatory are anywhere near as offensive as other statements which the courts have determined are incapable of defamatory meaning. The statements simply do not rise to such a level as to blacken the reputation of any reasonable person in the public mind. *Kernick v. Dardanell Press,* 428 Pa. 288, 236 A.2d 191 (1967).

In addition, all three statements contained in the complaint which plaintiff alleges are defamatory were true and, therefore, they cannot form the basis of a defamation claim. 42 Pa.C.S. §8343(b)(1). The first statement, "Linda Fetters was terminated due to not following the hospital's policies & procedures for medication administration," was true. Plaintiff was terminated for unilaterally reducing a prescribed dose of medication which action was contrary to hospital policy, and that was the reason given for plaintiff's termination in her termination notice. The second statement, "Upon investigating the incident Linda Fetters admitted to administering Ativan 0.5 mg instead of Ativan 1.0 mg PRN," was also true. Plaintiff has made numerous admissions to this effect. Whether or not plaintiff personally administered the reduced dose of Ativan is irrelevant because she admittedly had sole responsibility for its administration. The third statement, "Lisa stated

that Linda Fetters verbalized in the nurses' station in front of three other staff members . . . that she had done this [adjusted the prescribed dose of Ativan from 1.0 mg to 0.5 mg] and had been doing it for years & had never been fired yet. Two of the three staff stated Linda had verbalized adjusting Librium doses also," was true. Lisa Hinkle and two other staff members testified that the above was true.

Finally, while this court has already found that the statements made are not, as a matter of law, defamatory, this court would point out that even if the statements were defamatory, plaintiff would not have a cause of action because the statements were absolutely privileged. In Pennsylvania, all communications pertinent to any state of judicial proceeds are accorded an absolute privilege which cannot be destroyed by abuse. *Binder v. Triangle Publications Inc.,* 442 Pa. 319, 275 A.2d 53 (1971). The scope of the absolute privilege accorded to statements made in judicial proceedings extends to statements encompassed in pleadings and even to less formal communications such as preliminary conferences and correspondence between counsel in furtherance of a party's interest. *Moses v. McWilliams,* 379 Pa. Super. 150, 549 A.2d 950 (1988). The absolute privilege extends to statements made at any stage of a "quasi-judicial" proceeding as well. The complaint filed with the state nursing board is a quasi-judicial proceeding and, therefore, an absolute privilege applies.

Finally, this court will address plaintiff's claim of respondeat superior against defendant First Hospital. Plaintiff may not recover from defendant First Hospital on a respondeat superior theory where the purported agents are not liable on the underlying cause of action for defamation. See *e.g., Motheral v. Burkhart,* 400 Pa. Super. 408, 583 A.2d 1180 (1990). Defendants The

Meadows, Mr. Barszczewski, Ms. Young-Craigo and Ms. Stehley have not made defamatory statements about plaintiff and, therefore, defendant First Hospital cannot be liable as respondeat superior.

## ORDER

And now, August 8, 1997, after hearing and review of briefs submitted by counsel, it is hereby ordered and decreed that defendants' motion for reconsideration of summary judgment is hereby granted. Accordingly, judgment is entered in favor of defendants First Hospital Corporation, The Meadows Psychiatric Centre, Joseph Barszczewski, individually, Linda Young-Craigo, individually, and Felicia Stehley, individually. Plaintiff's second amended complaint is dismissed in its entirety, with prejudice.